IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dwayne Harris, | : | |
| Plaintiff | : | Civil Action 2:11-cv-728 |
| v. | : | Judge Smith |
| Harry E. Hageman, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |
| | : | |

OPINION AND ORDER

Plaintiff is an inmate currently incarcerated in the Ohio penal system.  He filed this action on August 10, 2011, alleging that the Ohio Adult Parole Authority ("OAPA"), which has repeatedly denied him parole, exercises authority which is unconstitutional under the Fourteenth Amendment in that the Ohio statute giving it violates what he refers to as the "unbridled discretion doctrine" and the "nondelegation doctrine".  These, he states, bar the assignment to a state agency of total discretion in decision-making (here, parole decisions) unreviewable by any court.

On August 29, 2011, the Magistrate Judge issued an initial screening Report and Recommendation pursuant to 28 U.S.C. §1915A(a) and (b) and 42 U.S.C. §1997e(c).  He found that a plaintiff seeking to bring a claim under 42 U.S.C. §1983 for violation of his right to procedural due process must show that the state

1

deprived him of a constitutionally protected interest in life, liberty, or property without due process of law, and that the United States Supreme Court has held that there is no constitutional right of a convicted person to be paroled before the expiration of a valid sentence. (Doc. 5 at 3, citing *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).) The Magistrate Judge stated:

> Plaintiff concedes in his complaint that he does not have a constitutional right to parole. He states instead that the Ohio Adult Parole Authority's possession of complete discretion in making unappealable parole decisions, "regardless of how arbitrary and capricious" they may be, is violative of his constitutional right to due process. However, as noted above, Plaintiff has a constitutional right not to be deprived of his liberty without due process of law, not to "due process of law" itself. Where a prisoner does not have a constitutional right to be released prior to the expiration of his sentence, refusing him parole, for any reason or no reason at all, does not deprive him of a constitutionally-recognized liberty interest. Furthermore, even if a liberty interest in parole existed, all that due process of law requires is an opportunity to be heard and a statement of the reasons denying parole. *Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011). Plaintiff does not deny that he received these. Defendants therefore have not infringed Plaintiff's right to due process.

(*Id.* at 3-4.)

This matter is now before the Court for *de novo* review pursuant to 28 U.S.C. §636(b)(1)(B). On objection, Plaintiff identifies the "unbridled discretion doctrine" and "nondelegation doctrine" at greater length. As to the former, Plaintiff states that "[i]t is mandatory for the legislature to set clear unambiguous standards, so that the judiciary can monitor whether the administrative agency is complying with legislature intent." (Doc. 7 at 5.) Citing *City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750 (1988), he seems to argue that the Ohio statutes delegating complete

2

discretion to the OAPA in making parole decisions are unconstitutional because no state legislature can enact a law granting an agency discretion without any guidance or other indication as to what objectives the agency is to pursue.

The United States Supreme Court, in *City of Lakewood*, struck down a city ordinance which granted the mayor authority to grant or deny applications for annual permits for publishers to place newsracks on public property.  A publisher challenged the ordinance as unconstitutional because it infringed upon the First Amendment in giving a public official unbridled discretion to approve or reject expressive activity.[1]  The Court noted that such authority was especially dangerous to freedom of speech.  "At the root of this long line of precedent is the time-tested knowledge that in the area of free expression a licensing statute placing unbridled discretion in the hands of a government official or agency constitutes a prior restraint and may result in censorship."  *Id.* at 757.

However, *Lakewood* and similar cases involve an underlying constitutional right – freedom of speech – which public authorities could not regulate with unbridled discretion.  Here the statutes which gave complete discretion to the OAPA to make parole decisions endanger no such right because, as Plaintiff concedes, there *is* no constitutional right of a convicted person to be paroled before the expiration of a valid sentence, and the State of Ohio has not created a

---

[1] The other case Plaintiff cites, *Mga Susu, Inc. v. County of Benton*, 853 F.Supp. 1147 (D. Minn. 1994), is likewise a First Amendment challenge to the granting of unfettered discretion to deny licenses or permits on the basis of content of speech.

3

constitutionally cognizable liberty interest in parole eligibility. *Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007). Consequently, Plaintiff has been deprived of nothing through such a grant of discretion.

Plaintiff further argues that the nondelegation doctrine bars the Ohio General Assembly from giving the OAPA authority "to set arbitrary prerequisites for release, because the legislature passed on its legislative responsibilities to that administrative body", rendering judicial review to determine whether a parole decision was in accordance with legislative intent impossible. He cites to *Auerbach v. Kinley*, 594 F.Supp. 1503 (N.D.N.Y. 1984), *rev'd in part*, 796 F.2d 350, *McCollum v. City of Powder Springs, Ga.*, 720 F.Supp. 985 (N.D. Ga. 1989), *Schultz v. Milne*, 849 F.Supp. 708 (N.D. Cal. 1994), and *United States v. Garfinkel*, 29 F.3d 451 (8th Cir. 1994). *Auerbach* involved the constitutionality of the authority vested in elections boards by New York law to determine voter residence. In *McCollum*, a federal court struck down a city ordinance which denied the city council discretion to approve liquor licenses near residential areas when at least one neighbor appeared at a hearing to complain, on grounds that it violated the prospective licensee's right to due process of law by, in effect, delegating the decision to private citizens. In *Schultz*, a federal court found that a city had impermissibly delegated its process for establishing and enforcing zoning standards to a private citizens' group. Finally, *Garfinkel* involved a claim that Congress had impermissibly delegated its legislative power to the Food and Drug Administration.

Again, however, this line of caselaw is irrelevant. In, *e.g.*, *McCollum* and

*Schultz*, the plaintiff was denied a property interest (a liquor license, the ability to renovate a house) without due process of law due to the impermissible delegation of decision-making authority to private citizens. The Ohio General Assembly's investiture of complete discretion in the OAPA does not risk depriving Plaintiff of a constitutionally cognizable liberty interest in parole, because he has none.[2] His challenge on this basis is accordingly groundless.

Finally, the Ohio statutory scheme, vesting complete discretion in the parole board, has long been upheld as constitutional. *Jago v. Van Curen*, 454 U.S. 14, 20-21 (1981). Even if this court were to conclude that the Constitution places some limits on what process is due a convicted Ohio defendant seeking release on parole, all that would be due is an opportunity to be heard and a statement of the reasons for denying release on parole. *Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011). Defendants have provided Plaintiff with both an opportunity to be heard and a statement of reasons.

Plaintiff's challenges to the authority of the Ohio Adult Parole Authority under the "unbridled discretion doctrine" and "nondelegation doctrine" are thus not well taken. The Court **ADOPTS** the Report and Recommendation of the Magistrate Judge. It **DISMISSES** this action pursuant to 28 U.S.C. §1915A(b)(1) for failure to

---

[2] Furthermore, the existence of the Ohio General Assembly, and the extent to which it has the power to delegate authority to any person or agency, are established by the Ohio Constitution, not the United States Constitution. Claims cannot be brought under 42 U.S.C. §1983 for violation of state law. *Michael*, 498 F.3d at 375-76.

5

state a claim upon which relief can be granted.

                                                                          s/  George C. Smith
                                                                          United States District Judge